UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BENE RICHARDSON. | ) C.A. No. |
| O.R., a minor, by his parent and friend, BENE RICHARDSON, & | ) |
| Z.R., a minor, by his parent and friend, BENE RICHARDSON | ) |
| Plaintiffs, | ) |
| VS. | ) |
| HALLMARK HEALTH SYSTEMS, INC., | ) COMPLAINT AND JURY DEMAND |
| MELROSE-WAKEFIELD HOSPITAL, & | ) |
| ELIZABETH BETTENCOURT | ) |
| Defendants | ) |

**PARTIES**

1. Plaintiff Bene Richardson ("Plaintiff" or "Ms. Richardson"), is an individual residing at 2897 High Creek Run, Dacula, GA 30019.

2. O.R., a minor and next friend of Plaintiff BENE RICHARDSON, ("Minor O.R."), Plaintiff NEXT FRIEND 1 of BENE RICHARDSON, is a minor child residing at 2897 High Creek Run, Dacula, GA 30019.

3. Z.R., Plaintiff, a minor and next friend of Plaintiff BENE RICHARDSON, ("Minor Z.R."), is a minor child residing at 2897 High Creek Run, Dacula, GA 30019.

1

4. Upon information and belief, the Defendant, Hallmark Health Systems, Inc. ("Defendant" or "Hallmark") is a Massachusetts corporation with a principal place of business at 170 Governors Avenue, Medford, MA 02155.

5. Upon information and belief, the Defendant, Melrose Wakefield Hospital ("Defendant" or "MWH") is a Massachusetts corporation with a principal place of business at 585 Lebanon Street, Melrose, MA 02176.

6. Upon information and belief, MW Hospital is owned by Hallmark.

7. Upon Information and belief, Defendant, Elizabeth Bettencourt ("Dr. Bettencourt") is an OB-GYN medical doctor who works for Co-Defendants, Hallmark and MW Hospital, located at MW Hospital, located at 585 Lebanon Street, Melrose, MA 02176.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. At some time during the early part of 2014, Ms. Richardson became pregnant with twins, (born Minor O.R. and Minor Z.R., and started to see Dr. Bettencourt at MW Hospital.

9. At that time, Ms. Richardson lived in Melrose, MA and was a resident of the Commonwealth of Massachusetts.

10. Ms. Richardson visited Dr. Bettencourt on several occasions during spring, summer and fall of 2014 for health care services related to her pregnancy.

11. Ms. Richardson saw Dr. Bettencourt and upon information and belief, other doctors, physicians, nurses and other health care workers for care related to her pregnancy.

12. Ms. Richardson was due in early February 2015.

13. Starting on the late afternoon of October 26, 2014, Ms. Richardson started feeling stomach pain and went to the maternity ward at MW Hospital.

14. Ms. Richardson was seen by a doctor on duty in the maternity ward at MW Hospital who examined her. She was also examined by maternity nurse. She complained of periodic stomach pain and expressed her concern that she might be in labor.

15. After examining Ms. Richardson, the doctor and nurses told her that she was not in labor and that her stomach pain was from either mild food poisoning or from her ligaments stretching. They reassured her she was *not* in labor.

16. She was told to call if anything changed and to make sure she drank liquids so as to not become dehydrated.

17. Ms. Richardson followed the orders of the doctor on duty and the nurses and left MW Hospital went home.

18. Unfortunately, the stomach pains kept coming back, so later that same night, Ms. Richardson's husband, Robert Richardson ("Mr. Richardson"), called MW Hospital and talked to the doctor in the maternity ward and told him that Ms. Richardson's stomach pains were continuing.

19. The doctor told Mr. Richardson that there was not much he could do and said Ms. Richardson's stomach pain was from either food poisoning or ligament stretching.

20. The stomach pains continued into the early morning hours of October 27th and Mr. Richardson called the doctor at MW Hospital back and told the doctor about the continued stomach pains.

21. Once again the doctor said there was not much he could do and that the pain was from food poisoning or ligament stretching. Mr. Richardson asked the doctor if his wife was in labor, and the doctor once again assured Mr. Richardson that his wife was not in labor.

22. At approximately, 5:00 a.m. on October 27, 2014, Ms. Richardson knew something was not right and was bleeding. Mr. Richardson drove her to MW Hospital to the emergency maternity ward.

23. The same doctor who had insisted Ms. Richardson was not in labor, but was suffering from food poisoning or ligament stretching, told Mr. and Ms. Richardson that Ms. Richardson was in labor.

24. Ms. Richardson delivered the both Z.R. and O.R. via emergency c-section under general anesthesia only shortly thereafter.

25. Z.R. and O.R. were born premature after only 25 weeks and 6 days of gestation.

26. Z.R. and O.R. were immediately transferred to the Neonatal Intensive Care Unit at Tufts Medical Center ("NICU") in Boston, MA where they both remained for one hundred (100) plus days.

27. Z.R. and O.R. were on breathing assistance, gastrointestinal intubation and underwent several medical tests and procedures while in the NICU

28. Ms. Richardson took six months off of work in order to spend time at the NICU with the newborn babies.

29. Since coming home from the NICU, Z.R. and O.R. have had to deal with several medical issues, including gastrointestinal issues that affected Z.R.

30. Both Z.R. and O.R. have had to and continue to go through physical therapy, speech therapy, and countless visits to specialists.

**Count I:  Ms. Richardson, Z.R. and O.R.  ("Plaintiffs") Against Hallmark (Negligence)**

31. Plaintiffs repeat and reaver the allegations contained hereto.

32. Defendant, Hallmark, and its agents, servants, employees, doctors, nurses and other health care workers, owed a duty of reasonable care to Plaintiffs as they were patients of Hallmark.

33. Defendant, Hallmark, breached the duty of care it owed Plaintiffs, when its agents, servants, employees, doctors, nurses and other health care workers failed to provide Ms. Richardson with a reasonable level of care when she arrived at MW Hospital complaining of stomach pain and failed to properly diagnose here condition and failed to provide her with the appropriate medical care that someone in her condition required.

34. Defendant, Hallmark, breached the duty of care it owed Plaintiffs, when its agents, servants, employees, doctors, nurses and other health negligent acts and omissions failed to provide Z.R. and O.R. with the appropriate medical care that someone in their condition required.

35. As a direct and proximate result of Hallmark's negligent acts and omission, Plaintiffs were caused to suffer damages including, but not limited to, pain and suffering, emotional distress, loss of physical and mental capacity and lost wages.

**Count II:  Ms. Richardson, Z.R. and O.R. ("Plaintiffs") Against MW Wakefield (Negligence)**

36. Defendant, MW Hospital, and its agents, servants, employees, doctors, nurses and other health care workers, owed a duty of reasonable care to Plaintiffs as they were patients of MW Hospital.

37. Defendant, MW Hospital, breached the duty of care it owed Ms. Richardson, when its agents, servants, employees, doctors, nurses and other health care workers failed to provide Ms. Richardson with a reasonable level of care when she arrived at MW Hospital complaining of stomach pain and failed to properly diagnose here condition and failed to provide her with the appropriate medical care that someone in her condition required.

38. Defendant, MW Hospital, breached the duty of care it owed Plaintiffs, when its agents, servants, employees, doctors, nurses and other health negligent acts and omissions failed to provide Z.R. and O.R. with the appropriate medical care that someone in their condition required.

39. As a direct and proximate result of MW Hospital's negligent acts and omission, Plaintiffs were caused to suffer damages including, but not limited to, pain and suffering, emotional distress, loss of physical and mental capacity and lost wages.

**Count III:  Ms. Richardson, Z.R. and O.R.  ("Plaintiffs") Against Dr. Bettencourt (Negligence)**

40. Plaintiffs repeat and reaver the allegations contained hereto.

41. Defendant, Dr. Bettencourt, and her agents, servants, employees, doctors, nurses and other health care workers, owed a duty of reasonable care to Plaintiffs as they were patients of Dr. Bettencourt.

42. Defendant, Dr. Bettencourt, breached the duty of care she owed Plaintiffs, when her agents, servants, employees, doctors, nurses and other health care workers failed to provide Ms. Richardson with a reasonable level of care when she arrived at MW Hospital

complaining of stomach pain and failed to properly diagnose here condition and failed to provide her with the appropriate medical care that someone in her condition required.

43. Defendant, Dr. Bettencourt, breached the duty of care it owed Plaintiffs, when its agents, servants, employees, doctors, nurses and other health negligent acts and omissions failed to provide Z.R. and O.R. with the appropriate medical care that someone in their condition required.

44. As a direct and proximate result of Dr. Bettencourt's negligent acts and omission, Plaintiffs were caused to suffer damages including, but not limited to, pain and suffering, emotional distress, loss of physical and mental capacity and lost wages.

PLAINTIFFS DEMAND TRIAL BY JURY.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

1) Pain and suffering for Plaintiffs.
2) All compensatory damages, including but not limited to, medical expenses and cost associated with medical care for Plaintiffs.
3) For emotional distress damages for Plaintiffs.
4) For any future pain and suffering for Plaintiffs.
5) For all other compensatory damages including out of pocket medical expenses and lost earning power of Plaintiffs.
6) For attorney fees, interest and costs.
7) For prejudgment interest
8) For other such damages as this Honorable Court sees fit.

Plaintiffs

                        BY THEIR ATTORNEY

                        /s/  Robert Richardson
                        Robert Richardson, Esq.
                        BBO#676947
                        Richardson & Cumbo, LLP
                        225 Franklin Street, 26th Floor
                        Boston, MA 02110
                        V – (617) 217-2779
                        F – (888) 512-1599
                        E – r.richardson@rc-llp.com

October 27, 2017